# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JIMMY KLINE,

    Petitioner,

vs.

                                    CASE NO. 4:04cv482-WS/WCS

JAMES CROSBY,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

    This is a petition for writ of habeas corpus filed by Jimmy Kline pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner challenges his conviction for second degree murder in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case number R2000-3362-A.  Respondent filed a motion to dismiss, contending that the petition was not timely filed.  Doc. 13.  Petitioner's reply, if any, was to be filed by August 12, 2005.  Doc. 12.  Petitioner has not filed a reply.

    There is a one year limitations period for filing a § 2254 petition, which generally runs from the date on which the judgment at issue became final by the conclusion of

direct review or the expiration of time for seeking direct review. § 2244(d)(1). The period runs from the latest of the following: the date on which the judgment became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence. § 2244(d)(1)(A)-(D).

The one year period is tolled for the time during which a "properly filed" application for relief is pending in state court. § 2244(d)(2)(e). The time may also be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Secretary for Dept. of Corrections, 362 F.3d 698, 702 (11th Cir. 2004) (citation omitted, emphasis in original).

According to the petition, judgment was entered on August 6, 2001, and Petitioner did not appeal. Doc. 1, pp. 1-2. *See also* Doc. 13, Ex. A. His conviction therefore became final 30 days later (on September 5, 2001), when the time for filing a direct appeal expired. *See* Fla.R.App.P. 9.140(b)(3) (allowing 30 days from rendition of a written order imposing sentence).

On August 5, 2002, Petitioner filed a motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800. Doc. 13, Ex. B. The motion was signed on that date. Under the "mailbox rule," a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which (absent contrary evidence) the court assumes is the date he signed it. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). The same rule applies in state court. *See* Thompson v. State, 761 So.

2d 324, 325 (Fla. 2000) (presuming timeliness where an inmate's legal document would be timely if filed on the date of the certificate of service, shifting the burden to the State to prove otherwise). Thus, 334 days of the one year period elapsed (September 5, 2001, to August 5, 2002) until the Rule 3.800 motion was filed. This left 21 days remaining.

The period was tolled from August 5, 2002, to January 14, 2003. On January 14, 2003, Petitioner filed a notice of withdrawal of the Rule 3.800 motion. *Id.*, Ex. H. This notice bears a "provided to Santa Rosa CI for mailing" stamp of January 14, 2003, and is deemed filed on that date. This ended the tolling of the one year period.

Petitioner next filed his Rule 3.850 motion. *Id.*, Ex. L, pp. 1-16. While the motion was signed on March 23, 2003, it bears a "provided to Santa Rosa CI for mailing" stamp of March 25, 2003. *Id.*, pp. 1, 16. Thus, it was filed on March 25, 2003.

By March 25, 2003, 69 additional days of the one year period for filing in this court had elapsed without tolling, for a total of 402 days. Petitioner has not argued for the application of any of the other later dates provided by § 2244(d)(1)(A)-(D) for commencement of the one year, and he has not made a case for equitable tolling. The one year period had expired and therefore this petition is untimely.

Accordingly, it is **RECOMMENDED** that Respondent's motion to dismiss, doc. 13, be **GRANTED** and the petition be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on October 4, 2005.

                                                    s/    William C. Sherrill, Jr.
                                                    **WILLIAM C. SHERRILL, JR.**
                                                    **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**